| Fill in this information to identify you case: | For amended plans only: |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS** | ☑ Check if this amended plan is filed prior to any confirmation hearing.<br><br>☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial. |
| Debtor 1　**Leanna Marie Castillo**<br>　　　　　First Name　Middle Name　Last Name | List the sections which have been changed by this amended plan:<br>_____ |
| Debtor 2<br>(filing spouse)　First Name　Middle Name　Last Name | |
| Case Number:　**24-40047** | |

**TXEB Local Form 3015-a**

## CHAPTER 13 PLAN

Adopted: Dec 2017

**Part 1:　Notices**

To Debtor[1]:　This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served.** The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.

To Creditors:　**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ Not Included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured | ☐ Included | ☑ Not Included |

---
[1] The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

|  | status of claim of lienholder, as set forth in § 3.11 of this Plan. |  |  |
|---|---|---|---|
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The applicable commitment period for the Debtor is **60** months.

**2.2** **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date[2] or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "**Plan Term**"). The payment schedule shall consist of:

☐ **Constant Payments:** The Debtor will pay $_____ per month for _____ months.

☑ **Variable Payments:** The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3** **Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner:

[*Check one*]

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4** **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5** **Additional payments.** [*Check one*]
☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6** **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is **$60,060.00** which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the "**Plan Base.**"

## Part 3: Treatment of Secured Claims

**3.1** **Post-Petition Home Mortgage Payments.** [*Check one*]

☐ **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☐ **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 need not be completed.*

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date[2], the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort. **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a)[3]**. The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
|  |  |  |  |
| 1. Loancare | 5225 Prairie Creek Drive Flower Mound, TX 75028<br>Residence: Single Family Residence | $2,000.00<br>Amount inc:<br>☑ Tax Escrow<br>☑ Insurance Escrow<br>☐ Other | 1st |

3.2     **Curing Defaults and Maintenance of Direct Payment Obligations.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

☑ **Cure Claims.** On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan. While remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed below (a "Cure Claim"). Each listed claim constitutes a separate class. The total amount of each allowed Cure Claim will be paid in full by the Trustee. The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each Cure Claim listed below until such time as the allowed amount of each Cure Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected Cure Claim amount listed below. No interest will be paid on any Cure Claim in the absence of documentary proof that the applicable contractual documents entitle the claimant to receive interest on unpaid interest.

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the Cure Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan. The completion of payments contemplated in this subsection constitutes a cure of all defaults of the Debtor's obligation to each listed claimant.

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|

---

[2] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.
[3] All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. **Loancare** <br> ☐ Debt Maturing During Plan Term. <br> ☑ Debt Maturing After Completion of Plan Term. <br> ☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | 5225 Prairie Creek Drive Flower Mound, TX 75028 Residence: Single Family Residence | $2,000.00 | $19,065.20 | 0.00% | $317.75 | $19,065.20 |
| 2. **Capital One Auto Finance** <br> ☑ Debt Maturing During Plan Term. <br> ☐ Debt Maturing After Completion of Plan Term. <br> ☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | 2014 Lincoln Navigator L Utility 5.4 L V8 automobile | $511.14 | $19,942.67 | 0.00% | $511.14 | $19,942.67 |

*Insert additional claims as needed.*

3.3    **Secured Claims Protected From § 506 Bifurcation.** [*Check one*]

   ☑ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

3.4    **Secured Claims Subject to § 506 Bifurcation.**

   [*Check one*]

   ☑ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

3.5    **Direct Payment of Secured Claims Not in Default.** [*Check one*]

   ☐ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

   ☑ **Direct Claims.** Each of the following secured claims are designated for direct payment in accordance with the applicable contractual documents (a "Direct Claim"). The Debtor represents that each secured claim listed in this subsection was not in default on the Petition Date and either: (1) is protected from valuation under § 506(a) and payable at a contractual interest rate reasonable under the circumstances; or (2) should otherwise be approved by the Court based upon the justification provided. **Without all three representations by the Debtor, this subsection may not be utilized and claim treatment must instead be addressed in § 3.4**. Each listed secured claim constitutes a separate class.

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
| Justification: | | | | | | | |

*Insert additional claims as needed.*

3.6    **Surrender of Property.** [*Check one*]

   ☑ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

3.7 **Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

3.8 **Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all *ad valorem* taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

3.9 **Lien Avoidance.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

3.10 **Rule 3012 Valuation of Collateral.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

3.11 **Lien Removal Based Upon Unsecured Status.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

**Part 4:   Treatment of Administrative Expenses, DSO Claims and Other Priority Claims**

4.1 **General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

4.2 **Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

4.3 **Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$4,500.00**. The amount of **$2,100.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1); ☐ by submission of a formal fee application.

**LBR 2016(h)(1)**: If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application**: If attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no

application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

**4.4**  **Priority Claims: Domestic Support Obligations ("DSO").** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

**4.5**  **Priority Claims: DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

**4.6**  **Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** [*Check one*].

☑ **None.** *If "None" is checked, the remainder of § 4.6 need not be completed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**  **Specially Classed Unsecured Claims.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2**  **General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ 100% + Interest at **0.00%**;

☐ 100% + Interest at **0.00%** with no future modifications to treatment under this subsection;

**X** *Pro Rata* **Share:** of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

**5.3**  **Liquidation Analysis: Unsecured Claims Under Parts 4 & 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$56**. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

## Part 6: Executory Contracts and Unexpired Leases

**6.1**  **General Rule – Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED** and will be treated as specified in § 3.2 of the Plan. All other executory contracts and unexpired leases of the Debtor are **REJECTED**.

[*Check one.*]

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

## Part 7: Vesting of Property of the Estate

**7.1**  Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

## Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

## Part 9: Miscellaneous Provisions

**9.1**  **Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2**  **Plan Disbursement Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under

§§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

9.3  **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.



Home Sale Proceeds. Trustee objected to feasibility that inability to make payments will likely result in a sale or refinance of homestead. To resolve the feasibility objection, the Debtor(s) agree if they seek to sell or refinance their homestead through the Bankruptcy Court: (a) they will move to approve any sale or refinancing; (b) the title company shall be deemed to have received and distributed on the Trustee's behalf all amounts paid on claims that are to be paid through this plan, remain unpaid, and are paid at closing; (c) If after the payment of mortgage, tax, HOA, realtor fees, closing costs/fees, required repairs which such sale was conditioned upon, then Trustee shall receive a fee on all the amounts received and distributed on her behalf; and (d) the title company at closing will distribute to the Trustee her fee based on the then prevailing Trustee fee percentage

**Part 10: Signatures**

/s/ Daniel C. Durand III                                                              Date   **May 2, 2024**
Daniel C. Durand III 06287570
Signature of Attorney for Debtor(s)

/s/ Leanna Marie Castillo                                                             Date   **May 2, 2024**
Leanna Marie Castillo

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

**Part 11:**    **Certificate of Service to Matrix as Currently Constituted by the Court**

American Education Services
PO Box 65093
Baltimore, MD 21264

Blalock & Williams
Agents for Nebraska Furniture Mart
4851 Lyndon B. Johnson Freeway
Dallas, TX 75244

Capital One
PO box 60511
City of Industry, CA 91716

Capital One
PO Box 60519
City of Industry, CA 91716

**Central Portfolio Control**

10249 Yellow Circle Drive
Suite 200
Minnetonka, MN 55343

Chase Credit Card
PO Box 6294
Carol Stream, IL 60197

Crown Asset Management
Agents for Comenity Bank/Wayfair
3100 Breckinridge Blvd.
Suite 725
Duluth, GA 30096

Discover
PO Box 71242
Charlotte, NC 28272

ED Financial
PO Box 36008
Knoxville, TN 37930

Indigo Credit Card
PO Box 23039
Columbus, GA 23039

Jefferson Capital
Dept #6419
PO Box 11407
Birmingham, AL 35246

Jefferson Capital
Dept #6419 PO Box 11407
Birmingham, AL 35246

Jefferson Capital
Dept #6419
PO Box 11407
Birmingham, AL 35246

Jefferson Capital
Dept #6419 PO Box 11407
Birmingham, AL 35246

Jefferson Capital
Dept #6419
PO Box 11407
Birmingham, AL 35246

Jefferson Capital
Dept #6419 PO Box 11407
Birmingham, AL 35246

Loancare
PO Box 8068
Virginia Beach, VA 23450

Paypal Credit Card
PO Box 71718
Philadelphia, PA 19176

Personify Financial

PO Box 208417
Dallas, TX 75320

Principal
3701 Arco Corporate Dr
Charlotte, NC 28273

RAS Law Offices
561 Executive Dr
Ste 400
Iriving, TX 75038

Resurgent Capital Services
PO Box 10497
Greenville, SC 29603

Resurgent Capital Services
po box 10497
Greenville, SC 29603

S & S Recovery
2814 Stage Center Drive
Memphis, TN 38134

University of North Texas
Student Accounting
1155 Union Circle
#310620
Denton, TX 76203

Velocity Investments, LLC
Agents for Upgrade Inc.
PO Box 788
Belmar, NJ 07719

## Exhibit A

The debtor will pay **$325.00** for first **3** month(s),
**$837.00** each month for next **25** month(s)
**$955.00** each month for next **13** month(s)
**1,355.00** each month for the next **19** months for a total paid in base of **$60,060.00.**

Daniel C. Durand III
DURAND & ASSOCIATES, P.C.
522 Edmonds, Suite 101
Lewisville, Texas 75067
(972) 221-5655
durand@durandlaw.com
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-40047 |
| LEANNA MARIE CASTILLO, | § | |
| | § | CHAPTER 13 |
| DEBTOR. | § | |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the Amended Chapter 13 Plan was served upon all creditors listed on the attached mailing matrix and Carey D. Ebert, Chapter 13 Standing Trustee, PO Box 941166, Plano, Texas, 75094-1166, and U.S. Trustee, 110 N. College Ave., Suite 300, Tyler, Texas, 75702 in accordance with applicable rules of procedure on this 2nd day of May, 2024.

Respectfully submitted,

_/s/ Daniel C. Durand III_
DANIEL C. DURAND III
Attorney for Debtor
DURAND & ASSOCIATES, P.C.
522 Edmonds, Suite 101
Lewisville, Texas 75067
(972) 221-5655
(972) 221-9569 Fax
State Bar Card No. 06287570
durand@durandlaw.com

```
Label Matrix for local noticing         American Education Services          Blalock & Williams
0540-4                                   PO Box 65093                         Agents for Nebraska Furniture Mart
Case 24-40047                            Baltimore, MD 21264-5093             4851 Lyndon B. Johnson Freeway
Eastern District of Texas                                                     Dallas, TX 75244-6004
Sherman
Thu May  2 17:25:08 CDT 2024

Capital One                              Capital One                          Capital One Auto Finance, a division of Capi
PO Box 60511                             PO Box 60519                         P.O. Box 4360
City of Industry, CA 91716-0511          City of Industry, CA 91716-0519      Houston, TX 77210-4360


Capital One Auto Finance, a division of Capi   Capital One, N.A.              Leanna Marie Castillo
4515 N Santa Fe Ave. Dept. APS                 4515 N Santa Fe Ave            5225 Prairie Creek Drive
Oklahoma City, OK 73118-7901                   Oklahoma City, OK 73118-7901   Flower Mound, TX 75028-2537


Central Portfolio Control                (p)JPMORGAN CHASE BANK  N A          Crown Asset Management
10249 Yellow Circle Drive                BANKRUPTCY MAIL INTAKE TEAM          Agents for Comenity Bank/Wayfair
Suite 200                                700 KANSAS LANE FLOOR 01             3100 Breckinridge Blvd.
Minnetonka, MN 55343-9111                MONROE LA 71203-4774                 Suite 725
                                                                              Duluth, GA 30096-7605


Discover                                 Discover Bank                        George Dunn
PO Box 71242                             Discover Products Inc                Robertson, Anschutz, Schneid, Crane & Pa
Charlotte, NC 28272-1242                 PO Box 3025                          5601 Executive Drive
                                         New Albany, OH  43054-3025           Suite 400
                                                                              Irving, TX 75038-2806


Daniel C Durand III                      ED Financial                         Carey D. Ebert
Durand & Associates, P.C.                PO Box 36008                         P. O. Box 941166
522 Edmonds, Ste. 101                    Knoxville, TN 37930-6008             Plano, TX 75094-1166
Lewisville, TX 75067-3622


Lisa L. Evans                            Indigo Credit Card                   JPMorgan Chase Bank, N.A.
Linebarger Goggan Blair & Sampson, LLP   PO Box 23039                         s/b/m/t Chase Bank USA, N.A.
2777 N. Stemmons Freeway, Suite 1000     Columbus, GA 31902-3039              c/o National Bankruptcy Services, LLC
Dallas, TX 75207-2328                                                         P.O. Box 9013
                                                                              Addison, Texas 75001-9013


Jefferson Capital                        (p)JEFFERSON CAPITAL SYSTEMS LLC     LAKEVIEW LOAN SERVICING, LLC
Dept #6419                               PO BOX 7999                          LoanCare, LLC
PO Box 11407                             SAINT CLOUD MN 56302-7999            3637 Sentara Way
Birmingham, AL 35246-3035                                                     Virginia Beach,  VA 23452-4262


LVNV Funding, LLC                        Lakeview Loan Servicing, LLC         Lewisville ISD
Resurgent Capital Services               Robertson, Anschutz, Schneid, Crane & Pa   Linebarger Goggan Blair & Sampson, LLP
PO Box 10587                             13010 Morris Rd., Suite 450          C/O Lisa Large Evans
Greenville, SC 29603-0587                Alpharetta, GA 30004-2001            2777 North Stemmons Frwy
                                                                              Suite 1000
                                                                              Dallas, Tx 75207-2328


Loancare                                 Julie Anne Parsons                   Paypal Credit Card
PO Box 8068                              McCreary Veselka Bragg & Allen PC    PO Box 71718
Virginia Beach, VA 23450-8068            PO Box 1269                          Philadelphia, PA 19176-1718
                                         Round Rock, TX 78680-1269
```

| | | |
|---|---|---|
| Personify Financial<br>PO Box 208417<br>Dallas, TX 75320-8417 | Principal<br>3701 Arco Corporate Dr<br>Charlotte, NC 28273-0402 | Quantum3 Group LLC as agent for<br>AXIOM ACQUISITION VENTURES LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Quantum3 Group LLC as agent for<br>Catholic Health Initiatives<br>PO Box 788<br>Kirkland, WA 98083-0788 | RAS Law Offices<br>561 Executive Dr<br>Ste 400<br>Iriving, TX 75038 | Resurgent Capital Services<br>PO Box 10497<br>Greenville, SC 29603-0497 |
| S & S Recovery<br>2814 Stage Center Drive<br>Memphis, TN 38134-4677 | The County of Denton, Texas<br>McCreary Veselka Bragg & Allen, P.C.<br>c/o Julie Anne Parsons<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |
| (p)HUD OGC REGION VI<br>307 W SEVENTH ST SUITE 1000<br>FT WORTH TX 76102-5108 | US Department of Education<br>120 N Seven Oaks Drive<br>Knoxville, TN 37922-2359 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| University of North Texas<br>Student Accounting<br>1155 Union Circle<br>#310620<br>Denton, TX 76203-5017 | Velocity Investments, LLC<br>Agents for Upgrade Inc.<br>PO Box 788<br>Belmar, NJ 07719-0788 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Credit Card<br>PO Box 6294<br>Carol Stream, IL 60197 | Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud MN 56302-9617 | U.S. Department of Housing and Urban Develop<br>307 W. 7th St., Suite 1000<br>Fort Worth, TX 76102 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 | (d)Jefferson Capital<br>Dept #6419 PO Box 11407<br>Birmingham, AL 35246-0001 | (d)Lewisville ISD<br>Linebarger Goggan Blair & Sampson, LLP<br>C/O Lisa Large Evans<br>2777 North Stemmons Frwy<br>Suite 1000<br>Dallas, Tx 75207-2328 |
| (d)Resurgent Capital Services<br>po box 10497<br>Greenville, SC 29603-0497 | End of Label Matrix<br>Mailable recipients    43<br>Bypassed recipients     4<br>Total                  47 | |